**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY IN ITS CAPACITY AS TRUSTEE OF BBCMS MORTGAGE TRUST 2022-C17, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2022-C17, acting by and through Argentic Services Company, LP, as Special Servicer,

*Plaintiff,*

v.

DANIEL BENEDICT, DAVID PRINZIVALLI, MICHAEL FORREST, STEVEN CHERIN, and DR. ANANT J. GANDHI, as Sole Trustee of the VGSB Realty Trust, under Irrevocable Trust Agreement, dated August 7, 2020,

*Defendants.*

CIVIL ACTION NO.
1:26-cv-2259-JMF

**~~[PROPOSED]~~ DEFAULT JUDGMENT AS TO LIABILITY AGAINST DEFENDANT MICHAEL FORREST**

This matter is before the Court on Plaintiff's Motion for Default Judgment as to Liability Against Defendant Michael Forrest, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2. Upon consideration of the motion and the Court's review of the record, including the Notice of Motion, supporting memorandum, Declaration of Evan S. Nadel, and the Clerk of Court's certificate of default regarding Defendant Michael Forrest ("Forrest"), the Court is satisfied that,

1. Forrest was properly served with the Summons and Complaint and the Amended Complaint in this action and failed to answer or otherwise respond within the time prescribed by the Federal Rules of Civil Procedure;

2. The Clerk of Court has entered a certificate of default against Forrest pursuant to Local Civil Rule 55.1;

3. Forrest is not in the military service of the United States or otherwise entitled to the protections of the Servicemembers Civil Relief Act;

4. Forrest is not an infant or incompetent person; and

5. Plaintiff has established Forrest's liability on the claims asserted against him in the Complaint and Amended Complaint.;

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that default judgment AS TO LIABILITY is entered against Defendant Michael Forrest.** In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court FINDS there is no just reason to delay the entry of judgment at to **LIABILITY**.

**HOWEVER,** while a court "may enter a default judgment against any defendants who default by failing to appear," in cases "where some but not all defendants have defaulted, 'the courts [in this District] have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.'" *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, No. 90 CIV. 5584 (VLB), 1991 WL 206308, at *3 (S.D.N.Y. Oct. 2, 1991)). **Therefore, the Court expressly DEFERS ENTRY OF FINAL JUDGMENT AS TO DAMAGES "until after [the] conclusion of the merits-phase of the proceedings against the actively litigating defendants."** *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017); *see also Fometal S.R.L. v. Keili Trading LLC*, No. 22 CIV. 1928 (KPF), 2022 WL 17485317, at *3 (S.D.N.Y. Dec. 7, 2022) (finding that "the proper procedure is to consolidate the inquest [when the non-defaulting Defendants' case is resolved] to

determine the level of damages as to the Defaulting Defendants with the damages aspect of the trial against the non-defaulting defendants").

**SO ORDERED.**

Dated: July 15, 2026
New York, New York

Hon. Jesse M. Furman
United States District Judge

Plaintiff is hereby ordered to serve a copy of this Order on Defendant Michael Forrest and to file proof of such service on ECF.

The Clerk of Court is directed to terminate ECF No. 56.